UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BLANCHARD, | ) |
| Petitioner, | ) |
| vs. | ) No. 4:12-CV-1269 (CEJ) |
| IAN WALLACE, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the petition of Antonio Blanchard for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

### I. Procedural History

Petitioner Antonio Blanchard is currently incarcerated in the Southeast Correctional Center in Charleston, Missouri, pursuant to the judgment of the Circuit Court of St. Louis. On May 13, 2005, petitioner was found guilty of first degree statutory rape, in violation of Mo.Rev.Stat. § 566.032, forcible sodomy, in violation of Mo.Rev.Stat. § 566.060, kidnaping, in violation of Mo.Rev.Stat. § 565.110, and first degree child molestation, in violation of Mo.Rev.Stat. § 566.067. Resp. Ex. B at 11, 59-63. On August 26, 2005, petitioner was sentenced as a prior offender to a term of ten years for the rape conviction, twelve years for the sodomy conviction, ten years for the kidnaping conviction, and five years for the molestation conviction. The trial court ordered the kidnaping and sodomy terms to run consecutively with each other and concurrently with the rape and molestation terms for a total of twenty-two years imprisonment. Resp. Ex. B at 66-69.

On October 31, 2007, the Missouri Court of Appeals of the Eastern District

affirmed petitioner's conviction and sentence in a per curium order. Resp. Ex. E. Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

On October 5, 2005, petitioner filed a pro se post-conviction relief motion pursuant to Missouri Court Rule 29.15 in the Circuit Court of St. Louis. Resp. Ex. F at 3-8. On August 13, 2008, an amended motion was filed by appointed counsel. Resp. Ex. F at 15-29. On August 20, 2010, the Circuit Court of St. Louis denied petitioner's post-conviction motion. Resp. Ex. F at 30-33. On June 14, 2011, the Missouri Court of Appeals affirmed the denial. Resp. Ex. I.

In the instant § 2254 petition, petitioner asserts five claims: (1) ineffective assistance of counsel; (2) violation of his Fifth Amendment rights; (3) violation of his equal protection rights; (4) conviction based on improper evidence; and (5) insufficient evidence to sustain the jury's findings of guilt.

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the

Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

III. Discussion

**Ground 1: Ineffective Assistance of Trial Counsel**

Petitioner's first ground asserts that trial counsel was ineffective for failing to call him to testify at trial in his defense. Petitioner alleges that he wanted to testify, but claims that his trial counsel never discussed the option with him and independently made the decision not to call him as a witness.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must first show that his attorney's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Strickland v. Washington, 446 U.S. 668, 687 (1984). To be prejudiced under the Strickland standard, the petitioner must demonstrate that counsel's error was so serious that the reliability of the trial court's verdict should be questioned. See id. The right to testify may be waived only by the defendant and to be valid the waiver must be voluntary, knowing, and intelligent. See Miller v. Dormire, 310 F.3d 600, 603 (8th Cir. 2002).

Having reviewed the record, the Court cannot say that the appellate court misconstrued the facts or misapplied federal law in determining that petitioner voluntarily waived his right to testify. In open court the trial judge advised petitioner of his right to testify and that it would have to be his own decision, not that of his attorneys, to exercise that right. The trial judge specifically told petitioner to take time to discuss the options with his attorney. Resp Ex. A at 624-625. Petitioner answered that he understood and did not express any desire to testify. Petitioner's acknowledgment of his understanding of his right to testify evidences that he voluntarily waived this right at trial. Petitioner has failed to provide any evidence to the contrary.

Furthermore, the appellate court properly applied the Strickland test to

petitioner's claim. Petitioner alleged that if he'd had the opportunity to testify, he would have corroborated the alibi testimony presented by his witnesses and would have asserted that he never had sexual contact with the victim. As the appellate court reasoned, petitioner's testimony would have been cumulative of evidence already in the record and, thus, petitioner failed to show that the outcome of the proceeding would have been different if he had testified. See Washington v. Kemna, 16 Fed. Appx. 528, 530 (8th Cir. 2001) (ineffective-assistance claim arising from alleged failure to inform of right to testify failed on prejudice grounds where petitioner could not show his testimony would have altered the verdict); Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006) (failure to present cumulative evidence does not form a basis for an ineffective assistance claim). Petitioner's is not entitled to relief on Ground one.

### Grounds 2-5: Procedural Default

Respondent argues that Grounds two, three, four, and five are procedurally barred because petitioner did not pursue them in his direct appeal. In Ground two, petitioner alleges that his Fifth Amendment right against self-incrimination was violated because the prosecution did not show that he was given the Miranda warnings. In Ground three, he asserts a violation of equal protection resulting from the prosecutor's failure to provide a race-neutral reason for the exercise of a peremptory challenge. In Ground four, petitioner alleges that the trial court erred in admitting evidence under Mo.Rev.Stat. § 491.075. Ground five challenges the sufficiency of the evidence to sustain the jury's findings of guilt, based on petitioner's assertion that the victim's testimony was contradictory and without independent corroboration.

A habeas petitioner must pursue all available avenues of relief in the state courts before the federal courts can consider a claim. Duvall v. Purkett, 15 F.3d 745, 746 (8th

Cir. 1994). "A federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim." Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989) (quoting Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986)). To avoid procedural default, Missouri procedure requires that a claim be presented at each step of the judicial process. Jolly v. Gammon, 28 F.3d 51, 52 (8th Cir. 1994). However, a federal habeas court may reach the merits of procedurally defaulted claims if the petitioner shows cause and prejudice or that he is actually innocent of the charges. Skillicorn v. Luebbers, 475 F.3d 965, 976-77 (8th Cir. 2007).

A review of the record discloses that petitioner did not present the claims in Grounds two, three, four, or five on direct appeal. Furthermore, petitioner has not pointed to any reason for his failure to purse these claims on direct appeal. When a petitioner fails to provide cause for failure to exhaust all state court remedies, it is unnecessary for the court to consider whether there was prejudice. Abdullah v. Groose, 75 F.3d 408, 413 (8th Cir. 1996).

Petitioner also fails to show that a fundamental miscarriage of justice would occur if the Court failed to review the merits of his claims. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005) ("Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice."). If a petitioner does not allege cause or prejudice, he may argue actual innocence, which requires the petitioner to submit to the habeas court new evidence "show[ing] that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] evidence.'" Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is

not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists. Therefore, Grounds two, three, four, and five are procedurally barred.

IV.    Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2014.